# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1398V
### Filed: July 31, 2017
TO BE PUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LINDA SHONKA, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Basis; Special |
| SECRETARY OF HEALTH | * | Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Stadelnikas, Maglio, Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Colleen Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 26, 2016, Linda Shonka ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she sustained left shoulder injuries casually related to the pneumococcal vaccination she received on July 1, 2015. Petition at 1, ¶¶ 1-2, 9. The petition did not indicate whether petitioner received the type of pneumococcal vaccine covered by the Vaccine Program.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y, HHS*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the

Less than two months later, after filing medical records confirming that she received a non-covered vaccine (Pneumovax 23), petitioner voluntarily dismissed her claim pursuant to Vaccine Rule 21(a).  Motion, filed Dec. 14, 2016 (ECF No. 11).  The undersigned issued an order concluding proceedings, dismissing petitioner's claim without prejudice.  (ECF No. 12).

On March 2, 2017, petitioner filed an unopposed motion for attorneys' fees and costs, requesting fees in the amount of $5,995.60 and costs in the amount of $830.47 for a total award of $6,826.07.  Unopposed Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 2-3, 6 (ECF No. 13).  Because petitioner has failed to establish she had a reasonable basis for filing her claim, **petitioner's motion for attorneys' fees and costs is <u>DENIED</u>.**

## I.      Procedural History and Summary of Relevant Facts

Petitioner filed her petition more than twenty months prior to the expiration of the Vaccine Act's statute of limitations.[4]  Along with her petition, she filed some medical records.  *See* Exhibits 1-9, Oct. 26, 2016 (ECF No. 4). Included in these records was the typed report from the July 1, 2015 visit to the treating physician who administered the vaccination alleged as causal, Dr. Kobayashi, indicating only that petitioner received the "pneumococcal vaccine."  Exhibit 2 at 8.  There is, however, a handwritten instruction to "give pneumovax" which appears to have been added later by Dr. Kobayashi or someone in his office to one of the intake questionnaires completed by petitioner.  Exhibit 2 at 16.  This handwritten note suggests petitioner received the type of pneumococcal vaccine, Pneumovax 23, not covered by the Vaccine Program.  *See supra* note 3.

Approximately one week later, petitioner filed additional medical records.  *See* Exhibits 10-11, filed Nov. 3, 2016 (ECF No. 8).  Exhibit 10 is a response faxed from Dr.

---

Vaccine Program.  *Id.; see Morrison v. Sec'y, HHS,* No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).  The Prevnar 13 vaccine, manufactured by Wyeth Pharmaceuticals, Inc., is pneumococcal conjugate vaccine which is covered by the Vaccine Program.  *See* https://www.fda.gov/biologicsbloodvaccines/vaccines/approvedproducts/ucm201667.htm (last visited May 9, 2017).  The Pneumovax 23 vaccine, manufactured by Merck & Co. LLC, is a polyvalent vaccine not covered by the Vaccine Program. https://www.fda.gov/BiologicsBloodVaccines/Vaccines/ApprovedProducts/ucm179996.htm (last visited May 9, 217).  A discussion of the two types of pneumococcal vaccine also can be found at the Centers for Disease Control and Prevention (CDC) website.  *See* https://www.cdc.gov/vaccines/vpd/pneumo/public/index.html (last visited May 9, 2017).

[4] Under the Vaccine Act, for a vaccine administered after October 1, 1988, "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." § 16(a)(2).  Petitioner received the vaccination alleged as causal on July 1, 2015, and filed her petition on October 26, 2016.

Kobayashi's clinic on October 28, 2016 to an October 25, 2016 request from petitioner's counsel for further documentation regarding the exact type of pneumococcal vaccine administered to petitioner.  *See* Exhibit 10 at 1-2.  The documentation provided by Dr. Kobyashi's clinic confirmed that petitioner received a non-covered vaccine.[5]  On December 14, 2016, petitioner filed a notice of voluntary dismissal, and the undersigned issued an order concluding proceedings.  (ECF Nos. 11-12).

On March 2, 2017, petitioner filed an unopposed motion for attorneys' fees and costs.  The motion contains language routinely used by respondent indicating he has no objection to the overall amount of fees and costs being sought by petitioner.  Pet. Motion at ¶ 5.  Because compensation was not awarded in this case, the undersigned must determine whether "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  § 15(e)(1).

## II.     Legal Standards for Good Faith and Reasonable Basis

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims.  H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed).  As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme."  *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012).  It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, "Congress did not intend that every losing petition be automatically entitled to attorneys' fees."  *Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994).  The Vaccine Act requires an unsuccessful litigant to establish that their petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought before attorneys' fees and costs may be awarded.  § 15(e)(1).

"[T]he 'good faith' requirement  . . . is a subjective standard that focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are entitled to a presumption of good faith. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996); *see also Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).

---

[5] In addition to the record from petitioner's July 1, 2016 visit which was included already in exhibit 2 (exhibit 10 at 6-7), Dr. Kobayashi's clinic included the lot number and expiration date of the exact vaccine administered to petitioner on the fax cover sheet (exhibit 10 at 1) and a handwritten notation indicating "*Pneumovax 23*" on the October 24, 2016 request for further information sent to them by petitioner's counsel (exhibit 10 at 2).

This presumption does not extend to reasonable basis which must be affirmatively demonstrated by the petitioner.  *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011).  "In contrast to the subjective standard afforded the 'good faith' requirement, the 'reasonable basis' requirement 'is objective, looking not at the likelihood of success [of a claim] but more to the feasibility of the claim.'"  *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma*, 1993 WL 496981, at *1).  "[R]easonable basis is an objective standard determined by the "totality of the circumstances" inquiry."  *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014).  It should not be rigidly applied.  *Id.* at 285; *see also Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012) (emphasizing that "[a] special master's determination . . . is entitled to deference").

Based upon a lack of reasonable basis, other special masters have declined to award attorneys' fees and costs when a petitioner has failed to establish receipt of a vaccine covered by the Vaccine Program.[6]  Two of these cases, *Schmidt* and *Amin*, involved petitioners who received the non-covered version of the pneumococcal vaccine (Pneumovax 23).  *Amin*, 2013 WL 5994685, at *1; *Schmidt*, 2012 WL 1392632, at *1.  Moreover, petitioners whose claims have been dismissed because they received the type of pneumococcal vaccine not covered by the Program often do not seek fees.[7]  As stated in *Schmidt*, "[a]lthough special masters have tended to construe 'reasonable basis' liberally to promote payment to petitioner's attorneys, special masters have required that petitioner receive a vaccine listed on the Vaccine Injury Table at a minimum."  2012 WL 1392632, at *1.

---

[6] *See Livingston v. Sec'y of Health & Human Servs.*, No. 12-268V, 2015 WL 4397705 (Fed. Cl. Spec. Mstr. June 26, 2015) (petitioner lacked evidence establishing he received a second Rotavirus vaccine as alleged); *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002 (Fed. Cl. Spec. Mstr. Mar. 26, 2014) (petitioner lacked evidence establishing he received an influenza vaccine as alleged); *Amin v. Sec'y of Health & Human Servs.*, No. 11-300V, 2013 WL 5994685 (Fed. Cl. Spec. Mstr. Oct. 16, 2013) (petitioner alleged an adverse reaction after receiving the non-covered version of pneumococcal vaccine); *Schmidt v. Sec'y of Health & Human Servs.*, No. 11-401V, 2012 WL 139 2632 (Fed. Cl. Spec. Mstr. Mar. 30, 2012) (petitioner alleged injury after receiving the non-covered version of pneumococcal vaccine); *Rydzewski v. Sec'y of Health & Human Servs.*, No. 99-571V, 2008 WL 382930 (Fed. Cl. Spec. Mstr. Jan. 29, 2008) (the evidence showed petitioner received an injection of hexabrix contrast, not a Hepatitis B vaccine as alleged); *Dover v. Sec'y of Health & Human Servs.*, No. 99-2299V, 1992 WL 42924 (Cl. Ct. Spec. Mstr. Feb. 14, 1992) (the typhoid-paratyphoid vaccine alleged as causal is not covered under the Vaccine Program).

[6] Any motion for attorneys' fees and costs must be filed within 180 days of judgment.  Vaccine Rule 13(a).  Attorneys' fees and costs were not requested in the following cases: *Bundy*, No. 12-769V (Judgment entered on Feb. 10, 2014); *Griffith*, No. 14-859V (Judgment entered on Jan. 7, 2015); *Cascio*, No. 14-107V (Judgment entered on Sept. 18, 2015); *Blakely*, No. 15-1412V (Judgment entered on Jan. 7, 2016); *Cielenski*, No. 15-632V (Judgment entered on Jan. 22, 2016).  All claims were dismissed because petitioner had received the version of the pneumococcal vaccine not covered by the Vaccine Program.  A copy of the dismissal decision or order concluding proceedings for each case can be found on the court's website: www.uscfc.uscourts.gov (last visited July 31, 2017).

### III.    Analysis

Even when a petition is filed shortly before the expiration of the Vaccine Act's statute of limitation, petitioner's counsel is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.[8] The petition in this case was filed more than 20 months prior to the expiration of the Vaccine Act's statute of limitations. Thus, there was sufficient time for petitioner's counsel to ascertain which type of pneumococcal vaccine petitioner received.  In fact, petitioner's counsel requested additional information regarding the exact type of pneumococcal vaccine administered a few days before the petition was filed.  Those records were received and filed approximately ten days later, one week after the petition was filed.  As in other cases involving the non-covered version of the pneumococcal vaccine in which a request for attorneys' fees and costs was denied due to a lack of reasonable basis, basic diligence manifested by minimal investigation would have revealed the vaccine administered to petitioner was not covered by the Program.  *See Amin*, 2013 WL 5994685, at *2; *Schmidt*, 2012 WL 1392632, at *1.

Petitioner has provided no reason why this inquiry could not have been accomplished before the petition was filed.  The information contained in the medical records filed with the petition indicated the vaccination received by petitioner was, most likely, the type of pneumococcal vaccine not covered under the Vaccine Program.  The information filed one week after the petition was filed confirmed this suspicion.

The undersigned recognizes that respondent did not object to an award of attorneys' fees and costs in this case.  However, numerous decisions have held that a special master may reduce a fee award regardless of a lack of objection on the part of respondent.  *See, e.g., Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 317-19 (2008); *Duncan v. Sec'y of Health & Human Servs.*, 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. 2008).  As Judge Bruggnik stated in *Duncan*, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  2008 WL 4743493, at *1.

In this case, the undersigned finds there was not a reasonable basis for this claim.

---

[8] *See Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579 (2016) (The special master erred in finding reasonable basis existed even when the petition was filed on the eve of the expiration of the statute of limitations. Although petitioner disappeared until the day before the petition was filed, he initially contacted petitioner's counsel more than 2 years prior to the expiration of the statute of limitations.); *Silva v. Sec'y of Health & Human Servs.*, No. 10-101V, 2012 WL 2890452, at *13 (Fed. Cl. Spec. Mstr. June 22, 2012), *aff'd* 108 Fed. Cl. 401 (2012) (finding "[t]he attorneys essentially did not investigate [petitioner's] case properly before filing it").

## IV.     Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.  § 15(e)(1).  The undersigned finds petitioner has not established there was a reasonable basis for filing her claim.  **The undersigned <u>DENIES</u> petitioner's motion for attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.